ACREY v DEPARTMENT OF CORRECTIONS

Docket No. 82829. Submitted November 5, 1985, at Lansing. Decided April 17, 1986.

Petitioner, Kirk Acrey, a prison inmate, was found guilty by respondent, Michigan Department of Corrections, of major misconduct for possession of dangerous contraband. The department's decision was based on a hearing officer's conclusion that a 2½ inch utility knife cutting blade, pointed at both ends, which was found in petitioner's cell, was a weapon and therefore dangerous contraband. A petition for review was thereafter filed in the Ingham Circuit Court which issued an order reversing the department's decision based on the court's finding that the decision was not supported by competent, material, and substantial evidence, Michael G. Harrison, J. The respondent appeals. *Held:*

1. The circuit court's construction of the term "weapon" to include only articles specifically intended to be used for assaultive purposes is too narrow. A "weapon" within prison walls need not be equated with a "weapon" as that term is defined in the Penal Code. The proper construction of the term "weapon," as used in the resident guide book's definition of dangerous contraband, is one which includes those unauthorized objects which may be used to injure another. Under this construction, a finding of specific intent to assault is unnecessary.

2. The element which transforms an unauthorized article into a weapon within a prison setting is its potential to cause injury, and not the subjective intent of the inmate in possession of the article as the circuit court held.

3. The department's determination that petitioner was in

REFERENCES

Am Jur 2d, Administrative Law §§ 306, 307, 656.

Am Jur 2d, Penal and Correctional Institutions § 2.

Am Jur 2d, Weapons and Firearms §§ 1, 28.

Smuggling: validity, construction, and application of 18 USCS § 1791, and implementing regulations, punishing smuggling of "anything whatsoever" into or out of federal penal or correctional institution. 21 ALR Fed 133.

See also the annotations in the ALR3d/4th Quick Index under Prisons and Convicts; Weapons and Firearms.

possession of a weapon, and thus dangerous contraband, was supported by competent, material, and substantial evidence on the whole record. The determination of the department is reinstated and the circuit court's order is reversed.

4. The Court of Appeals found petitioner's argument, that the respondent's failure to promulgate rules under the hearings division act renders void all hearings held by the respondent pursuant to the act, to be without merit.

Reversed.

1. WEAPONS — PRISONS AND PRISONERS.

The element which transforms an unauthorized article into a weapon within a prison setting is its potential to cause injury, not the subjective intent of the inmate in possession of the article; a "weapon" within prison walls need not be equated with a "weapon" as that term is defined in the Penal Code (MCL 800.283; MSA 28.1623).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — JUDICIAL CONSTRUCTION.

Administrative rules should be liberally construed in light of their purpose and so as to effectuate the intent of the agency.

3. APPEAL — ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — HEARINGS DIVISION ACT.

The Court of Appeals may decline to declare void a decision of the Michigan Department of Corrections on the mere possibility that a necessary rule may not have been implemented by the department under the hearings division act where the petitioner has failed to present facts establishing that a procedure was followed by the department that necessarily had to be implemented by rule (MCL 791.251 *et seq.;* MSA 28.2320[51] *et seq.*).

Kirk Acrey, *In Propria Persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Louis J. Porter,* Assistant Attorney General, for respondent.

Before: D. F. WALSH, P.J., and MACKENZIE and R. R. FERGUSON,* JJ.

PER CURIAM. Respondent, Michgian Department

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of Corrections appeals as of right from a circuit court opinion and order reversing a decision of the department which found the petitioner prison inmate guilty of major misconduct for possession of dangerous contraband. The department's decision was based on a hearing officer's conclusion that a 2½ inch utility knife cutting blade, pointed at both ends, which was found under a book on a desk in petitioner's cell, was a weapon and therefore dangerous contraband. In reversing this finding, the circuit court held that the decision was not supported by competent, material, and substantial evidence. We disagree and reverse.

1979 AC, R 791.5501 provides:

> (2) A resident alleged to have committed the following behavior shall be charged with major misconduct:
>
> *   *   *
>
> (b) Behavior that constitutes a felony under state or federal law.
>
> *   *   *
>
> (f) A violation of rules that clearly jeopardizes facility security or safety as defined in resident guide book.

The resident guide book which was in force at the time the blade was found defined possession of dangerous contraband as a threat to prison order and security, and specifically defined the offense as "[p]ossession of *weapons,* explosives, acids, caustics, materials for incendiary devices, escape materials. Possession of 'critical' tools." (Emphasis added.)

Petitioner's misconduct hearing was held on March 2, 1982. The report filed by the hearing officer contained the following summary of the submitted evidence:

> Resident was present at this hearing. Resident

states that before the major disturbance he use [sic] to work in Industrial Maintance [sic] as a clerk. Resident states that while on his assignment he used what he called a razor blade to scrape off carbon[s]. States that it "Razor Blade" was in his cell and he did know it was there, but had no knowledge that the item was considered dangerous contraband. Hearings officer viewed the pictorial evidence submitted with the report. The item in question is a razor blade type object about 2½″ long pointed on two ends. Hearings officer cannot contest that this object was or not used on his assignment, when he was on the assignment. Resident did not ask for witnesses, hearing investigator or relevant documents.

The hearing officer's findings were stated as follows:

Hearing officer after looking at a picture of the item does feel that it fits the category of dangerous contraband. It is not a makeshift "Shank" per say [sic]. But is in a fact more than just a "Razor blade" (shaving type). It is about 2½″ inches long and is pointed on both ends. It was not authorized by any official to be in this resident cell, and accordingly it was in an unauthorized area (being his cell). Hearings officer cannot conclude that the resident intended to use the item as a weapon. Yet it is a weapon and is dangerous contraband. It was knowing [sic] in the resident's cell by his own admission.

On May 4, 1982, petitioner filed in the circuit court a petition for judicial review pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* arguing inter alia that the department's decision was not supported by sufficient findings of fact or reasons. In an opinion dated January 16, 1985, the circuit court held that the determination that petitioner was

guilty of major misconduct was not supported by substantial, material, and competent evidence on the whole record and accordingly reversed the department's decision. The court reasoned:

> The court notes that R 791.5501(2)[b] provides that behavior which constitutes a felony under state or federal law will result in major misconduct charges being filed against a prisoner. Weapon-related felonies include carrying a concealed weapon, MCL 750.227; MSA 28.424, and carrying a dangerous weapon, MCL 750.226; MSA 28.423. To support the weapon element of either of these charges requires finding that an article or instrument not included in the statute's list of per se weapons must have been used or carried for use as a weapon or for purposes of assault or defense, *People v Brown,* 406 Mich 215, 222-223; 277 NW2d 155 (1979). A jacknife or a razor are not per se dangerous weapons even if the blade is over three inches in length without showing it was carried for assaultive or defensive purposes. *People v Vaines,* 310 Mich 500, 506; 17 NW2d 729 (1945), *People v Mack,* 64 Mich App 587, 591-592; 236 NW2d 523 (1975).
>
> \* \* \*
>
> The record relects in the Reasons for Findings, "Hearings officer cannot conclude that the resident intended to use the item as a weapon." The facts as established in the record cannot support finding the requisite intent under either [the resident guidebook definition of possession of dangerous contraband] or the appropriate felony statutes.

We believe that the court's construction of the term "weapon" to include only articles specifically intended to be used for assaultive purposes is too narrow. The flaw in the court's construction lies in its fallacious premise that a "weapon" within prison walls must be equated with a "weapon" as that term is defined in the Penal Code. MCL

800.283; MSA 28.1623, a felony provision governing weapons prohibited *in prison,* belies that premise. That statute provides in pertinent part:

> Unless authorized by the chief administrator of the correctional facility, a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person, or to assist a prisoner to escape from imprisonment. [MCL 800.283(4); MSA 28.1623(4).]

Mindful of the above language, it seems clear that, within the prison setting, the element which transforms an unauthorized article into a weapon is its potential to cause injury, and not the subjective intent of the inmate in possession of the article as the circuit court held.

Administrative rules should be liberally construed in light of their purposes and so as to effectuate the intent of the agency. *Bentley v Associated Spring Co,* 133 Mich App 15, 20; 347 NW2d 784 (1984), lv den 419 Mich 938 (1984); *Longo v McIlmurray,* 115 Mich App 479, 485; 321 NW2d 701 (1982), lv den 417 Mich 899 (1983); *Johnston v Billot,* 109 Mich App 578, 589; 311 NW2d 808 (1981), lv den 414 Mich 955 (1982). The clear purpose of the major misconduct rule is to protect inmates and guards from assaults and injury. Consistent with that purpose, we believe that the more sound construction of the term "weapon" as that term is used in the resident guide book's definition of dangerous contraband is one which includes those unauthorized objects which may be used to injure another. Under this construction, a finding of specific intent to assault is unnecessary.

Applying our construction of the term "weapon," we conclude that the department's determina-

tion that petitioner was in possession of a weapon, and thus dangerous contraband, was supported by competent, material, and substantial evidence on the whole record. Petitioner was not authorized to have the blade in his cell. The hearing officer examined a photograph of the blade and noted that, although it was not a "shank" or homemade knife, it was "more than just a 'Razor blade' (shaving type)"; it was 2½ inches long and pointed on both ends. Although the hearing officer did not specifically state that the blade was capable of causing injury to another, that conclusion is implicit in his description of the item. Accordingly, the determination of the department is reinstated and the circuit court's order reversed.

Petitioner's second argument in his petition for judicial review was not addressed by the circuit court. In that argument, petitioner contended that the department's failure to promulgate rules under the hearings division act, MCL 791.251 et seq.; MSA 28.2320(51) et seq. (HDA), renders void all hearings held by the department pursuant to the HDA, including petitioner's misconduct hearing in the instant case. We find the contention to be without merit.

Section 54(4) of the HDA requires only that the department promulgate rules "necessary to implement this chapter." Section 52 of the HDA sets forth in detail the procedures to be employed in hearings. Petitioner attacks the failure of the department to promulgate rules, but does not specify any procedure inadequately addressed by § 52 which necessarily must be implemented by rule. We do not believe that hearings held since the inception of the HDA should be declared void on the mere possibility that a necessary rule may not have been implemented. Since petitioner has failed

to present facts establishing that a procedure was followed that necessarily had to be implemented by rule, we decline to declare void the decision of the department on this basis.

Reversed.