TULSA OIL CORPORATION v DEPARTMENT OF TREASURY

BY-RITE OIL COMPANY v DEPARTMENT OF TREASURY

Docket Nos. 91716, 93922. Submitted February 5, 1987, at Lansing. Decided May 4, 1987.

Tulsa Oil Corporation and By-Rite Oil Company, both being gasoline wholesale distributors and retailers, filed a petition before the Michigan Tax Tribunal challenging the method by which respondent, the Department of Treasury, calculated their allowable deductions for motor fuel taxes paid when assessing their liability for sales taxes. The Tax Tribunal granted summary judgment in favor of respondent in both cases. Petitioners appealed and their appeals were consolidated.

The Court of Appeals *held:*

1. Respondent's formula limiting the deduction for motor fuel taxes paid to the amount obtained by multiplying the quantity of gallons sold at retail by the motor fuel tax rate reduced by the percentage allowed by statute for evaporation loss is a fair and practical method and is neither arbitrary nor capricious.

2. By-Rite Oil Company claimed a refund of five cents per gallon on the motor fuel tax it paid for gasoline used in blending with alcohol to produce gasohol. Thus, respondent properly limited By-Rite's deduction for motor fuel tax paid for such gasoline to six cents per gallon during the period when the motor fuel tax rate was at eleven cents per gallon.

Affirmed.

1. TAXATION — APPEAL — CONSTITUTIONAL LAW.

The Court of Appeals review of Tax Tribunal decisions is limited

REFERENCES

Am Jur 2d, Appeal and Error § 19.

Am Jur 2d, Sales and Use Taxes § 104.

Am Jur 2d, State and Local Taxation §§ 616 *et seq.*

Am Jur 2d, Statutes §§ 145 *et seq.*; 161 *et seq.*

Supreme Courts' view as to weight and effect to be given, on subsequent judicial construction, to prior administrative construction of statute. 39 L Ed 2d 942.

See also the annotations in the Index to Annotations under Gas and Oil.

to determining whether they are authorized by law and whether the factual findings are supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. ADMINISTRATIVE LAW — STATUTES — JUDICIAL CONSTRUCTION.

The construction given a statute by those charged with administering it should be given deference and should not be overturned unless clearly wrong or another construction is plainly required.

3. TAXATION — SALES TAX — MOTOR FUEL TAX DEDUCTION.

A motor fuel wholesale distributor and retailer, when calculating its sales tax liability, may claim as a deduction for motor fuel taxes paid the amount obtained by multiplying the quantity of gallons sold at retail by the motor fuel tax rate reduced by the percentage allowed by statute for evaporation loss (MCL 207.108; MSA 7.298, 1979 AC, R 205.83 and R 205.128).

*Richard Daguanno, P.C.* (by *Richard Daguanno*), for petitioners Tulsa Oil Corporation and By-Rite Oil Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Thomas J. Kenny,* Assistant Attorneys General, for respondent Department of Treasury.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

PER CURIAM. These consolidated cases involve appeals as of right from Michigan Tax Tribunal decisions upholding sales tax assessments for the taxable periods of June 1, 1978, through February 28, 1982, for petitioner Tulsa Oil Corporation and September 1, 1978, though January 31, 1982, for petitioner By-Rite Oil Company. The petitioners contend that the Tax Tribunal erred in granting summary judgment to the Department of Treasury under GCR 1963, 117.2(3), now MCR 2.116(C)(10),

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

because a genuine issue of material fact did exist. The main issue on appeal is the formula used by the department to compute petitioners' motor fuel tax deduction.

Petitioners Tulsa Oil Corporation and By-Rite Oil Company are wholesale distributors and retailers of gasoline for use in motor vehicles. In addition, By-Rite sells a gasoline and alcohol blend referred to as gasohol. As retailers, Tulsa and By-Rite are required to remit sales tax to the state as provided in the general sales tax act, MCL 205.51 *et seq.*; MSA 7.521 *et seq.* That act provides that the tax is to be collected from persons engaged in the business of making sales at retail for the privilege of engaging in business, based on four percent of gross proceeds. As wholesale distributors, Tulsa and By-Rite are required to pay motor fuel tax to the state as provided in the motor fuel tax act, MCL 207.101 *et seq.*; MSA 7.291 *et seq.* That act provides that the motor fuel tax is imposed upon owners and drivers of motor vehicles for the privilege of using the public roads and highways of the state, and that it is to be imposed on "all gasoline sold or used in producing or generating power for propelling motor vehicles . . . ." The tax rate during 1978 was nine cents per gallon. 1972 PA 326, § 2. The tax rate beginning January 1, 1979, and continuing through the remainder of the taxable periods at issue was eleven cents per gallon. 1978 PA 426, § 2.

The department, pursuant to its rule-making authority provided by MCL 205.3(b); MSA 7.657(3)(b) promulgated rules permitting the retailer to deduct motor fuel tax paid to the state in computing its sales tax liability. 1979 AC, R 205.83 and R 205.128.

The instant disputes arose because § 8 of the motor fuel tax act, MCL 207.108; MSA 7.298, as

amended through 1969 PA 70, provided that "in computing the tax, a deduction of three percent of the quantity of gasoline received shall be deducted for evaporation and loss."[1] In short, Tulsa and By-Rite pay a motor fuel tax on the gasoline they receive, but are allowed to deduct three percent of the gallons received to account for evaporation. The companies are also responsible for a sales tax on all gross proceeds, but are permitted to deduct the amount of motor fuel tax paid. The problem develops in how to account for the three percent shrinkage allowance in figuring the amount to deduct for motor fuel tax.

In computing their sales tax liability for the period in question, Tulsa and By-Rite computed the motor fuel tax deduction by multiplying the number of gallons of gasoline sold at retail by the motor fuel tax rate (nine cents for 1978, eleven cents for the remaining tax period). The department rejected this formula and instead computed the motor fuel tax deduction by multiplying the gallons sold at retail by the motor fuel tax rate, less the three percent shrinkage allowance (an effective tax rate of 8.73 cents per gallon for 1978; 10.67 cents per gallon for the remaining tax period). The difference between the formulas resulted in significant sales tax deficiencies for both companies.

The Tax Tribunal granted summary disposition to the department in both cases and the petitioners appeal.

Petitioners claim that the department's formula is arbitrary and capricious because it reduces the motor fuel tax deduction by the shrinkage allowance. If in fact shrinkage actually occurs between receipt of the gasoline and its sale, then the three

---

[1] Effective January 1, 1983, the allowance for evaporation and loss was reduced to two percent. 1982 PA 437.

percent shrinkage allowance is already accounted for in the smaller number of gallons sold, and the department is reducing for shrinkage twice. According to petitioners the department's formula is only accurate if no shrinkage actually occurs, thus a material issue of fact exists as to whether shrinkage occurs.

Petitioners' argument is more easily seen through a hypothetical used by By-Rite. If By-Rite (or Tulsa) purchased 100,000 gross taxable gallons during January, 1979, the company would reduce the amount by three percent or 3,000 gallons and pay the state $10,670 (97,000 gallons × $0.11). If this three percent shrinkage actually results, then Tulsa or By-Rite would have only this 97,000 gallons to sell. They would, therefore, collect sales tax on these gallons and deduct the eleven-cent motor fuel tax paid on each gallon for a total deduction of $10,670. The department, on the other hand, would multiply these 97,000 gallons by only $0.1067, the eleven-cent motor fuel tax rate minus the three percent shrinkage allowance, for a deduction of only $10,349. Thus, the petitioners would have paid $10,670 in motor fuel tax but only be allowed to deduct $10,349 from their sales tax.

Petitioners' figures are correct only if three percent shrinkage actually occurs. We find that the department is not applying the rule allowing deduction for the motor fuel tax in an arbitrary or capricious manner.

This Court's review of Tax Tribunal decisions is limited to determining whether they are authorized by law and whether the factual findings are supported by competent, material, and substantial evidence on the whole record. *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 30; 355 NW2d 627 (1984), lv den 422 Mich 883 (1985); Const 1963, art 6, § 28.

Petitioners' claim is that a genuine issue of fact existed as to whether evaporation and loss, in fact, occurred between the time of purchase and the time of sale at retail. However, neither the formula applied by petitioners nor the formula applied by the department took into account actual evaporation and loss. Rather, all parties took the three percent allowance provided for in the motor fuel tax act and applied it in their respective formulas for computing the deduction. Moreover, the three percent allowance does not purport to represent the actual percent of shrinkage that takes place for each wholesaler/retailer each month.

The effect of the department's formula is that in the event that evaporation or loss occurs, then the taxpayer is not permitted a full deduction, because there will not be enough gallons sold to fully recoup the motor fuel tax paid. It would not, however, seem reasonable to impose the heavy burden of requiring the department to consider actual evaporation and loss for each taxpayer. Additionally, the formula utilized by Tulsa and By-Rite is flawed in that it assumes three percent shrinkage actually occurs. If less shrinkage occurs, then the taxpayer will be able to deduct more for the motor fuel tax than was actually paid; if the shrinkage is greater, then the taxpayer will be unable to claim a full deduction. The fair and practical approach seems to be that of the department.

This Court accords deference to the construction of a statute given by those charged with administering it. The construction should be upheld unless clearly wrong or another construction is plainly required. *Acco Industries, Inc v Dep't of Treasury,* 134 Mich App 316, 322; 350 NW2d 874 (1984), lv den 421 Mich 857 (1985). Administrative rules

must be liberally construed in light of their purpose. *Bentley v Associated Spring Co,* 133 Mich App 15, 20; 347 NW2d 784 (1984), lv den 419 Mich 938 (1984).

By-Rite raises two other issues. First it contends that no ten percent penalty should be imposed upon it, because its understated sales were not due to negligence or intentional disregard of the law. The department, however, informed the Tax Tribunal that in the interest of justice the penalty would be waived, therefore the penalty is no longer at issue.

By-Rite's last contention is that the department erred by reducing By-Rite's motor fuel tax deduction by five cents per gallon on its gasohol sales. We find By-Rite's contention without merit.

From January 1, 1981, through January 31, 1982, after paying the eleven-cent per gallon motor fuel tax to the state on the gasoline received and used in blending with alcohol to produce gasohol, By-Rite claimed a refund of the tax in the amount of five cents per gallon as permitted by law. MCL 207.102; MSA 7.292. By-Rite claims that it should be able to deduct the full eleven cents even though it received a five-cent refund. The department allowed only a six-cent deduction; we agree with the department that By-Rite's deduction should not be greater than its net tax paid.

Affirmed.