DUFFY v GAINEY TRANSPORTATION SERVICES, INC

Docket No. 136001. Submitted February 5, 1992, at Grand Rapids. Decided March 3, 1992, at 9:20 A.M. Leave to appeal denied, 440 Mich –.

Lonnie Duffy filed a complaint with the Michigan Department of Labor, Bureau of Employment Standards, alleging that his former employer, Gainey Transportation Services, Inc., had improperly made deductions from his weekly paychecks for damage to Gainey trucks caused by his negligence. The deductions were made pursuant to a written consent signed by Duffy at the beginning of his employment authorizing weekly paycheck deductions for future damage caused by his negligence. The department found that the deductions had not been valid under MCL 408.477; MSA 17.277(7). Gainey appealed, and a hearing referee found that only the first deduction made from the paychecks was valid under the statute. The Kent Circuit Court, Roman J. Snow, J., affirmed. Gainey appealed.

The Court of Appeals *held:*

MCL 408.477; MSA 17.277(7) requires a separate written consent by the employee for each paycheck from which a deduction is made for the benefit of the employer.

Affirmed.

LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — DEDUCTIONS FROM PAYCHECKS — CONSENT.

The section of the payment of wages and fringe benefits act that requires employees to consent in writing to deductions from their paychecks requires a separate written consent for each paycheck from which a deduction is made for the benefit of the employer (MCL 408.477; MSA 17.277[7]).

*Varnum, Riddering, Schmidt & Howlett* (by *David A. Rhem*), for Gainey Transportation Services, Inc.

REFERENCES

Am Jur 2d, Master and Servant § 85.

See the Index to Annotations under Compensation; Consent; Deductions.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Gregory T. Taylor,* Assistant Attorney General, for the Department of Labor, Bureau of Employment Standards.

Before: MACKENZIE, P.J., and WEAVER and R. B. BURNS,* JJ.

PER CURIAM. Lonnie Duffy was employed by Gainey Transportation Services, Inc., as an over-the-road truck driver on March 17, 1988. At the beginning of his employment, Mr. Duffy signed a written consent[1] authorizing weekly paycheck deductions for future damage caused by his negligence.

Between May and July, 1988, Duffy was involved in four accidents, which resulted in damage to Gainey trucks totaling $1,235.06. Following each accident, Gainey's safety committee met with Duffy and found that the accident was caused by driver negligence. Mr. Kokx, vice president of Gainey, testified that after the first accident Gainey and Duffy agreed to a deduction plan of $50 a week from Duffy's paychecks. Gainey deducted a total of $792.48 from Duffy's paychecks between May 19 and July 28, 1988. Duffy's employment was terminated on July 25, 1988. Subsequently, Kokx obtained a small-claims court judgment against Duffy in the amount of $578.96.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] I do hereby authorize that Gainey Transportation has the right to deduct the following from my weekly paycheck:

> Federal, FICA, State and City Taxes as appropriate Health Insurance if elected

It is further agreed that I hereby authorize deductions from my gross pay, on a weekly basis, for advances in pay, company and statutory fines, damages to freight and/or company equipment up to $1,000.00 per incident caused by driver negligence until paid in full up to the deductible or other deductions for which there is signature made.

Following his discharge, Duffy filed a complaint with the Michigan Department of Labor, Bureau of Employment Standards. The Department of Labor concluded that the written authorization was not valid under MCL 408.477; MSA 17.277(7). It issued a ruling on November 14, 1988, finding that Gainey had illegally deducted $792.48 from Duffy's paychecks. Gainey appealed from this decision. After a hearing, the hearing referee found that Duffy's written authorization was valid only with regard to the first deduction made. The referee took into account the small-claims court judgment Gainey had obtained against Duffy and ordered Gainey to pay Duffy $163.52.

Gainey appealed to the Kent Circuit Court, which affirmed the referee's decision. Gainey now appeals as of right to this Court, and we also affirm.

Gainey argues that the hearing referee and the circuit court misinterpreted § 7 of the payment of wages and fringe benefits act, MCL 408.477; MSA 17.277(7). This provision requires employees to consent in writing to deductions from their paychecks. The hearing referee ruled that the act requires a separate written consent for each paycheck from which deductions are made. Gainey contends that the initial written consent, which authorized weekly deductions, was sufficient.

The Michigan Department of Labor was enforcing its long-standing interpretation of this section when it required a separate written consent from the employee for each wage payment subject to deduction. A reviewing court will give deference to an administrative agency's interpretation of statutes that it is charged with administering. *Tulsa Oil Corp v Dep't of Treasury,* 159 Mich App 819; 407 NW2d 85 (1987). This Court has specifically held that the Michigan Department of Labor's

interpretation of the wages and fringe benefits act should be accorded deference. *Gravely v Pfizer, Inc,* 170 Mich App 262; 427 NW2d 613 (1988).

Section 7 provides:

> With the exception of those deductions required or expressly permitted by law or by a collective bargaining agreement, an employer shall not deduct from the wages of an employee, directly or indirectly, any amount without the full, free, and written consent of the employee, obtained without intimidation or fear of discharge for refusal to permit the deduction. *A deduction for the benefit of the employer shall require written consent from the employee for each wage payment subject to the deduction* and the cumulative amount of the deductions shall not reduce the gross wages paid to a rate less than minimum rate as defined in Act No. 154 of the Public Acts of 1964, as amended, being sections 408.381 to 408.397 of the Michigan Compiled Laws. Each deduction shall be substantiated in the records of the employer and shall be identified as pertaining to an individual employee. Prorating of deductions between 2 or more employees shall not be permitted. [Emphasis added.]

We agree with the Department of Labor that the statute requires a separate written consent by the employee for each paycheck from which a deduction is made.

We affirm.