*In re* TURNER

(TURNER v DEPARTMENT OF MENTAL HEALTH)

Docket No. 45186. Submitted November 4, 1980, at Grand Rapids.—
Decided June 24, 1981.

In 1969, Lois P. Turner (petitioner), as guardian of Cecil H.
Turner, mentally incompetent, petitioned Kent Probate Court
under then-extant law for a reduction or elimination of prior
court-ordered reimbursement of expenses for mental health
services rendered to Cecil H. Turner. The probate court modi-
fied its prior order. In 1979, the Department of Mental Health,
under the new Mental Health Code, determined the petitioner
to be financially liable for mental health services provided to
Cecil H. Turner. The petitioner challenged the department's
determination at an administrative hearing, arguing that the
modified probate court order controlled and barred subsequent
redetermination. The administrative law judge affirmed the
department's determination. The petitioner appealed that deci-
sion in Kent Probate Court, which affirmed the decision of the
administrative law judge. The petitioner subsequently appealed
in Kent Circuit Court, Woodrow A. Yared, J., which affirmed
the decision of the probate court. Petitioner appeals by leave
granted. *Held:*

1. The 1969 probate court order was not intended to be a
final determination of liability and is not res judicata. The
Legislature specifically provided for modification of prior ac-
tions which were inconsistent with the new Mental Health
Code, including redetermination of financial liability. Thus,
under either prior law or the new code, the 1969 order of the
probate court was subject to modification.

2. The department's failure to promulgate rules relative to

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 6] 41 Am Jur 2d, Incompetent Persons §§ 55-59.
    Constitutionality of statute imposing liability upon estate or rela-
    tive of insane person for his support in asylum. 20 ALR3d 363.
[2] 2 Am Jur 2d, Administrative Law § 397 *et seq.*
[4] 46 Am Jur 2d, Judgments §§ 401, 402.
[7] 1 Am Jur 2d, Administrative Law § 152.

challenge of a redetermination of financial liability at the time of the petitioner's redetermination did not deny the petitioner due process of law. The department was faced with a time limitation within which to make a redetermination, and hearings were conducted pursuant to the contested case provisions of the Administrative Procedures Act, affording the petitioner procedural due process. No prejudice to the petitioner was shown.

Affirmed.

1. Mental Health — Mental Health Services — Financial Liability — Statutes.

A person, his spouse, and his parents are financially liable for mental health services provided for the person as determined by the Department of Mental Health based on ability to pay (MCL 330.1800 et seq.; MSA 14.800[800] et seq.).

2. Mental Health — Mental Health Services — Financial Liability — Appeal — Statutes.

A determination of financial liability for mental health services by the Department of Mental Health may be challenged by requesting an administrative hearing for a redetermination (MCL 330.1834; MSA 14.800[834]).

3. Mental Health — Mental Health Services — Financial Liability — Appeal — Statutes.

A redetermination of financial liability for mental health services may be appealed to the probate court of the county in which the person determined to be liable resides (MCL 330.1836; MSA 14.800[836]).

4. Judgments — Res Judicata.

Res judicata is a policy of law and not an absolute rule; it need not be applied rigidly without regard to disparate factual situations.

5. Mental Health — Mental Health Services — Financial Liability — Orders — Statutes.

An order of a probate court entered prior to the enactment of the new Mental Health Code relative to the financial liability of a person for mental health services may be modified under either the code or prior law (MCL 330.2104; MSA 14.800[1104]).

6. Mental Health — Mental Health Services — Financial Liability — Statutes.

The determination of financial liability for resident mental health services is based on ability to pay according to statutorily

prescribed factors including income, expenses, insurance proceeds, number and condition of dependents, assets, and liabilities (MCL 330.1818; MSA 14.800[818]).

7. Administrative Law — Administrative Rules — Appeal — Due Process.

Failure of a state agency to promulgate rules as required by statute regarding appeal of its determinations does not amount to a denial of due process where the agency's delay is reasonable and no prejudice to a party results therefrom.

*Rosemary Scott,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistants Attorney General, for respondent.

Before: D. E. Holbrook, Jr., P.J., and V. J. Brennan and R. C. Hotchkiss,* JJ.

Per Curiam. Cecil H. Turner was a patient at the Kalamazoo Regional Psychiatric Hospital from 1969 until his death in 1979. This case centers on the liability of his estate and spouse to reimburse the state for mental health services.

In 1969, Lois P. Turner petitioned the Kent Probate Court to reduce or eliminate a prior order for 100 percent reimbursement of the expenses for mental health services rendered to her husband, Cecil H. Turner, mentally incompetent. On December 9, 1969, the probate court ordered that no further reimbursement would be required, provided that the petitioner pay Cecil H. Turner's retirement benefit and his portion of social security benefits then being received to the Department of Treasury. This order was dependent upon payment by the petitioner of the full reimbursement charge for the year 1969.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The new Mental Health Code effective in 1975 changed the method of determining financial liability for mental health services. MCL 330.1800 *et seq.;* MSA 14.800(800) *et seq.* Under provisions of the new code, the respondent made a determination of the petitioner's financial liability for services provided to Cecil H. Turner by the state. The petitioner contested the respondent's determination of financial liability by requesting an administrative hearing pursuant to MCL 330.1834; MSA 14.800(834). At the administrative hearing, counsel for the petitioner argued that the 1969 probate court order was controlling and barred a subsequent redetermination of liability under the new Mental Health Code. In addition counsel protested the absence of rules pertaining to a determination of ability to pay. The Mental Health Code requires that rules be promulgated to particularize procedures for determining ability to pay. MCL 330.1842; MSA 14.800(842).

The administrative law judge entered an interim order which required the respondent to redetermine the petitioner's liability based on appropriate information to be provided by the petitioner. The petitioner refused to make a full disclosure of appropriate information so the administrative law judge affirmed the original determination of liability. The administrative law judge found that the respondent had no rules in effect at the time of the hearing but concluded that since the hearing was held pursuant to the contested case provision of the Administrative Procedures Act, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.,* the petitioner was afforded due process. Further, the respondent's procedures do provide adequate guidelines regarding the formulation of a liability determination and provide adequate due process notice of the course which the petitioner must pursue.

The petitioner appealed the decision of the administrative law judge to the Kent County Probate Court as provided by the code, MCL 330.1836; MSA 14.800(836). On September 11, 1978, the probate court entered an order affirming the administrative law judge.

The petitioner appealed the probate court decision to Kent County Circuit Court. The circuit court found that the December, 1969, probate court order was not a bar to the establishment of a new reimbursement liability. In addition, the circuit court judge found that the administrative procedures of the administrative law judge were in compliance with the Mental Health Code and did afford the parties due process of law. In the court's opinion the determination of the ability to pay was not that complicated, was one that is determined in many aspects of life and information and that data needed for that computation is readily available. This Court granted leave to appeal.

First, we deal with the petitioner's contention that the December, 1969, probate court order bars a redetermination of plaintiff's reimbursement liability. The 1969 probate court decision indicates that the order for reimbursement was of a continuing nature. Regular payments of plaintiff's retirement benefits and social security benefits were to replace the prior 100 percent reimbursement order. Since institutionalization was a continuing factor, it was not the intent of the former order to hold that the Mental Health Code could not reach or attempt to reach persons responsible for Cecil H. Turner's care in order to determine whether there was an ability to pay. The purpose and intent of the 1969 order was not to act as a full and final determination of the liabilities between the parties.

The petitioner has asserted that the 1969 order of the probate court is res judicata and therefore bars any further action by the state or the petitioner. In a similar case, this Court in *In re Raseman Estate,* 18 Mich App 91; 170 NW2d 503 (1969), found that the doctrine of res judicata is not immutable. The reason why the probate court order can be modified is because it operates *in futuro* as to facts that had not occurred when the order was entered. We conclude that the 1969 order of the probate court does not prevent a redetermination of liability and subsequent enforcement proceedings where in the interval the facts have changed which alter the legal rights and relations of the parties.

Additionally, the Legislature contemplated that probate court orders imposing a continuing financial liability would remain in effect only until defendant redetermined financial liability. Prior to the new Mental Health Code, the probate court's reimbursement order was pursuant to 1923 PA 151. This act was specifically repealed under the new Mental Health Code, MCL 330.2106; MSA 14.800(1106). Section 1104 of the act, MCL 330.2104; MSA 14.800(1104), mandates that all actions having legal affect under any act repealed by the new code which are inconsistent with the new code shall be redetermined and made consistent with the new act. The respondent was obligated to comply with the mandatory provisions of the Mental Health Code which required a redetermination of financial liability.

Thus, under either prior law or the new Mental Health Code, the order of the probate court was subject to modification.

We now turn to the second issue raised by the petitioner. The petitioner argues a denial of due

process because the respondent had not promulgated substantive rules to use in determining financial responsibility. Section 842 of the Mental Health Code, MCL 330.1842; MSA 14.800(842), requires that rules shall particularize procedures for determining ability to pay. The code further provides that as soon as practicable, but no later than two years after the act shall take effect, the respondent would make some determination or redetermination of financial liability. MCL 330.2104; MSA 14.800(1104).

We find that the petitioner was afforded due process notwithstanding the absence of required rules. In determining ability to pay, the department used factors enumerated in § 818 of the code, MCL 330.1818; MSA 14.800(818). These factors include income, expenses, insurance proceeds, number and condition of dependents, assets, and liabilities. The respondent also used the limitations prescribed by the code. These include limitations on net worth reduction, spousal liability, and cost of services. The respondent's use of the statutory limitations and factors to determine ability to pay allowed the petitioner to evaluate whether the respondent's determination was fair and properly applied.

The hearings to contest the redetermination were conducted pursuant to the contested case provisions of the Administrative Procedures Act, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.* This act afforded the petitioner all the procedural safeguards of due process. See, *Atkins v Dep't of Social Services,* 92 Mich App 313; 284 NW2d 794 (1979).

In *Midland Twp v State Boundary Comm,* 64 Mich App 700; 236 NW2d 551 (1975), *rev'd on other grounds* 401 Mich 641 (1977), this Court held that failure of the State Boundary Commission to

promulgate rules as required by statute although unfathomable did not prejudice the parties. The same is true here.

In the instant case, the petitioner has not pointed out how the absence of rules has in any way prejudiced her presentment of opposition to the redetermination. The petitioner has failed to show how the respondent's failure adversely affects the decision made by its reimbursement officer or administrative law judge. After the administrative hearing, the petitioner had an opportunity to participate in the determination of financial liability. An interim order of the administrative law judge required the respondent to make another determination based on additional information provided by the petitioner. The petitioner refused to make a full disclosure of this information. In light of the time necessary to promulgate rules pursuant to the Administrative Procedures Act and the two-year limitation for redeterminations, the respondent acted reasonably. The petitioner was neither prejudiced nor denied due process.

For these reasons we affirm.

Affirmed.