VERNON v CONTROLLED TEMPERATURE, INC

Docket No. 198852. Submitted September 3, 1997, at Grand Rapids. Decided March 24, 1998, at 9:10 A.M.

A worker's compensation magistrate entered an order requiring Harold Vernon, who turned sixty-two years of age on May 31, 1992, to give his former employer, Controlled Temperature, Inc., and its insurer, Citizens Insurance Company of America, authorization to obtain information from the Social Security Administraton to verify that Vernon, who was receiving worker's compensation benefits, was not receiving social security benefits that could be coordinated as provided in MCL 418.354; MSA 17.237(354). The Worker's Compensation Appellate Commission affirmed the order. The Court of Appeals denied leave to appeal in an unpublished order, entered December 15, 1995 (Docket No. 188531). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted of the issue whether the magistrate properly ordered that the authorization be given. 453 Mich 925 (1996).

The Court of Appeals *held*:

1. MCL 418.354; MSA 17.237(354) contemplates the release of the social security information to the employer or carrier whenever an employee is possibly eligible for old-age social security benefits. Nothing in § 354 limits the release or authorization provided for in subsection 354(3)(b)(iii) to employees who are sixty-five years old or older. The plaintiff does not dispute that he was eligible for old-age social security benefits when he reached the age of sixty-two.

2. Although the plaintiff insisted that he was receiving disability benefits that could not be coordinated, subsection 354(3)(b)(iii) clearly provides that an employer does not have to accept an employee's representation but can verify for itself the benefits an employee receives. The employer's need for information is the same whether early or regular old-age benefits are at issue.

3. The employee's obligation under subsection 354(3)(b) to authorize the release of the information is not dependent on the requirement in subsection 354(3)(a) that the Bureau of Worker's Disability Compensation promulgate rules to provide for notification by an employer or carrier to an employee of possible eligibility

for social security benefits and the requirements for establishing proof of application for those benefits. The two portions of subsection 354(3) are not dependent on one another. Moreover, the purpose of subsection 354(3)(a) to provide notice to an affected employee was satisfied in this case where the plaintiff received notification of possible eligibility for benefits three times. It is not a reasonable construction of § 354 to excuse the plaintiff's obligations under the coordination scheme because of the bureau's failure to promulgate the rules.

Affirmed.

1. WORKER'S COMPENSATION — COORDINATION OF BENEFITS — SOCIAL SECURITY BENEFITS — AUTHORIZATION FOR INFORMATION.

MCL 418.354(3)(b)(iii); MSA 17.237(354)(3)(b)(iii) contemplates the release of social security information to an employer or its insurer whenever an employee receiving worker's compensation benefits is possibly eligible for old-age social security benefits; nothing in the statute limits application of the requirement for the release or authorization to employees who are sixty-five years old or older; an employee who is eligible for early old-age social security benefits at the age of sixty-two may be required to authorize the release of the information by the Social Security Administration.

2. WORKER'S COMPENSATION — COORDINATION OF BENEFITS — SOCIAL SECURITY BENEFITS — AUTHORIZATION FOR INFORMATION.

An employer of an employee receiving worker's compensation benefits does not have to accept the employee's representation that the employee is receiving disability benefits that cannot be coordinated with his worker's compensation benefits but may verify for itself, pursuant to the provisions of MCL 418.354(3)(b)(iii); MSA 17.237(354)(3)(b)(iii), the benefits the employee receives from social security, whether early or regular old-age benefits.

3. WORKER'S COMPENSATION — COORDINATION OF BENEFITS — SOCIAL SECURITY BENEFITS — AUTHORIZATION FOR INFORMATION.

An employee's obligation under MCL 418.354(3)(b)(iii); MSA 17.237(354)(3)(b)(iii) to provide an employer or carrier with an authority for the release of information to be utilized by the employer or carrier to obtain necessary benefit entitlement and amount information from the Social Security Administration for purposes of coordinating the employee's worker's compensation benefits is not dependent on implementation of the requirement set forth in subsection 354(3)(a) that the Bureau of Worker's Disability Compensation promulgate rules to provide for notification by an employer or carrier to an employee of possible eligibility for social

security benefits and the requirements for establishing proof of application for those benefits.

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Charles P. Burbach*), for the plaintiff.

*Gilbert M. Chinitz*, for the defendants.

Before: O'CONNELL, P.J., and MACKENZIE and GAGE, JJ.

GAGE, J. Plaintiff appeals a decision of the Worker's Compensation Appellate Commission that ordered plaintiff to authorize his employer to obtain information from the Social Security Administration regarding social security benefits plaintiff receives. This Court previously denied plaintiff's application for leave to appeal in an unpublished order, entered December 15, 1995 (Docket No. 188531). However, our Supreme Court, in lieu of granting leave to appeal, remanded this matter for consideration as on leave granted "of the issue whether the magistrate properly ordered that an authorization for social security records be given." *Vernon v Controlled Temperature, Inc*, 453 Mich 925; 554 NW2d 915 (1996). We affirm.

Plaintiff last worked for defendant Controlled Temperature, Inc., on July 12, 1984. On March 23, 1987, a hearing referee entered an open award of benefits on the basis of a January 6, 1984, injury. Benefits were paid to plaintiff. The appeal process continued until our Supreme Court denied a defense motion for reconsideration on July 31, 1992.

Plaintiff turned sixty-two years of age on May 31, 1992. In anticipation of plaintiff's becoming eligible for early old-age social security benefits, defense

counsel asked plaintiff's counsel for a release in order to obtain information from the Social Security Administration regarding the benefits, if any, plaintiff received. It was known that plaintiff had been receiving social security disability benefits. Defense counsel relied on MCL 418.354(3)(b)(iii); MSA 17.237(354)(3)(b)(iii)[1] for authority. The request was denied.

---

[1] Various portions of MCL 418.354; MSA 17.237(354) are cited throughout this opinion. This statute provides in pertinent portions:

(1) This section is applicable when either weekly or lump sum payments are made to an employee as a result of liability pursuant to section 351, 361, or 835 [weekly worker's compensation payments for total incapacity or partial incapacity or a lump sum worker's compensation payment] with respect to the same time period for which old-age insurance benefit payments under the social security act, 42 USC 301 to 1397f; payments under a self-insurance plan, a wage continuation plan, or a disability insurance policy provided by the employer; or pension or retirement payments pursuant to a plan or program established or maintained by the employer, are also received or being received by the employee. Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits other than specific loss benefits under section 361(2) and (3) shall be reduced . . . .

\*    \*    \*

(3) In the application of subsection (1) any credit or reduction shall occur pursuant to this section and all of the following:

(a) The bureau shall promulgate rules to provide for notification by an employer or carrier to an employee of possible eligibility for social security benefits and the requirements for establishing proof of application for those benefits. Notification shall be promptly mailed to the employee after the date on which by reason of age the employee may be entitled to social security benefits. A copy of the notification of possible eligibility shall be filed with the bureau by the employer or carrier.

(b) Within 30 days after receipt of the notification of possible employee eligibility the employee shall:

(i) Make application for social security benefits.

(ii) Provide the employer or carrier with proof of that application.

Defense counsel filed a request for a hearing, which was held on August 12, 1992. In the interim, defense counsel sent plaintiff's attorney a written request on June 22, 1992, which provided formal notification that plaintiff was entitled to early old-age social security benefits and which asked for a release in order to verify the type and amount of social security benefits plaintiff received. The written request went unanswered. The magistrate concluded that § 354(3)(a) contemplates the situation when an employee might be eligible for old-age benefits on reaching the age of sixty-two and ordered plaintiff to provide a release. The WCAC affirmed. It concluded that a plain reading of the statute logically led to the conclusion reached by the magistrate.

In this appeal, plaintiff argues that § 354(3) does not apply to him until he reaches sixty-five years of age. Plaintiff reasons that because he cannot be com-

---

(iii) Provide the employer or carrier with an authority for release of information which shall be utilized by the employer or carrier to obtain necessary benefit entitlement and amount information from the social security administration. The authority for release of information shall be effective for 1 year.

(4) Failure of the employee to provide the proof of application or the authority for release of information as prescribed in subsection (3) shall allow the employer or carrier with the approval of the bureau to discontinue the compensation benefits payable to the employee under section 351, 361, or 835 until the proof of application and the authority for release of information is provided. Compensation benefits withheld shall be reimbursed to the employee upon the providing of the required proof of application, or the authority for release of information, or both.

* * *

(12) Nothing in this section shall be considered to compel an employee to apply for early federal social security old-age insurance benefits or to apply for early or reduced pension or retirement benefits.

pelled to apply for early old-age benefits, MCL 418.354(12); MSA 17.237(354)(12), the statute does not require him to provide a release to defendants. Plaintiff additionally argues that the release provision in § 354(3)(b) cannot be enforced because other portions of § 354(3) have not been implemented.

The coordination provisions in § 354 were added in 1981 (1981 PA 203) to address the perceived problem of a retired worker's receiving both worker's compensation payments and other payments also funded by the employer. *Corbett v Plymouth Twp*, 453 Mich 522, 531; 556 NW2d 478 (1996). At issue in this case is the coordination provision for old-age insurance benefits received under the Social Security Act, 42 USC 301 *et seq.* Employers are entitled to reduce weekly worker's compensation payments by fifty percent of the amount of such old-age insurance benefits. MCL 418.354(1)(a); MSA 17.237(354)(1)(a).

In § 354(3) our Legislature established a method for determining whether there are benefits to coordinate and the amount of such benefits. Section 354(3)(a) requires the bureau to promulgate rules regarding notification by an employer to an employee of "possible" eligibility and the requirements for establishing proof of application for those benefits. This provision further requires notification to be mailed to the employee after the date the employee may be entitled to social security benefits. Plaintiff points out that no such rules have been promulgated.

Subsections 354(3)(b)(i)-(iii) pose certain requirements on an employee who receives notification of "possible" eligibility for social security benefits. The subsections require an employee to apply for benefits, to provide the employer with proof of the application,

and to provide the employer with "an authority for release of information . . . ." The subsections state:

> (b) Within 30 days after receipt of the notification of possible employee eligibility the employee shall:
>
> (i) Make application for social security benefits.
>
> (ii) Provide the employer or carrier with proof of that application.
>
> (iii) Provide the employer or carrier with an authority for release of information which shall be utilized by the employer or carrier to obtain necessary benefit entitlement and amount information from the social security administration. The authority for release of information shall be effective for 1 year.

This provision is enforced by § 354(4), which permits benefits to be discontinued until an employee provides proof of the application and provides the authority for release of information.

We find nothing in the statute that limits the release or authorization provided for in § 354(3)(b)(iii) to employees who are sixty-five years old or older. To the contrary, the statute contemplates the release of information whenever an employee is possibly eligible for old-age social security benefits. Plaintiff does not dispute that he was eligible for such benefits when he reached the age of sixty-two. Plaintiff emphasizes that he cannot be forced to apply for such benefits. We agree with this assertion. MCL 418.354(12); MSA 17.237(354)(12) specifically states that nothing in § 354 is to be considered to compel an employee to apply for early old-age benefits. However, plaintiff's employer did not seek to compel plaintiff to apply for early benefits and neither the magistrate nor the WCAC ordered plaintiff to do so. The employer merely requested authorization to

obtain information to verify that plaintiff was not receiving social security benefits that could be coordinated. Plaintiff insisted that he was receiving disability benefits that could not be coordinated, but § 354(3)(b)(iii) clearly provides that an employer does not have to accept an employee's representation but can verify for itself the benefits an employee receives. An employer's need for information is the same whether early or regular old-age benefits are at issue.

We reject plaintiff's argument that the employee's obligation to authorize the release of information, as set forth in § 354(3)(b), is dependent on the requirement that the bureau promulgate rules, as provided in § 354(3)(a). The two portions of § 354(3) are not dependent on one another. Moreover, plaintiff received notification of possible eligibility for benefits at least three times: by an informal request, by a formal written request, and by the request for a hearing. The purpose of § 354(3)(a), to provide notice to an affected employee, was satisfied in the present case.

Verification of social security benefits is important in the overall scheme for coordination of benefits. Acceptance of plaintiff's argument would seriously undermine that scheme. We do not believe our Legislature intended such a result. We avoid construing statutes to yield "absurd or self-defeating consequences . . . ." *Haas v Ionia*, 214 Mich App 361, 364; 543 NW2d 21 (1995). Statutes should be construed so as to give them validity and a reasonable construction, while inconsistencies in various provisions of a statute should be reconciled, if possible, so as to give effect to all parts of the statute. *Gross v General Motors Corp*, 448 Mich 147, 164; 528 NW2d 707 (1995). We do not think it reasonable to excuse plain-

tiff's obligations under the coordination scheme of § 354 because of the bureau's failure to promulgate rules. The purpose of the unpromulgated rules was satisfied in the present case when plaintiff repeatedly received notice from his employer.

Affirmed.